**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 27, 2010
Decided November 10, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

Nos. 10-1849 & 10-1875

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeals from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District |
| | of Indiana, South Bend Division |
| *v.* | |
| GABRIEL V. MENDOZA, | Nos. 3:05-cr-00147(01)RM & |
| *Defendant-Appellant*. | 3:09-cr-00016(01)RM |
| | Robert L. Miller, Jr., |
| | *Judge*. |

**O R D E R**

On December 15, 2005, Gabriel Mendoza was indicted in the Northern District of Indiana (Indictment 1) for possession with intent to distribute more than 5 kilograms of cocaine (Count 1) and more than 50 grams of methamphetamine (Counts 2, 3, and 4). On February 12, 2009, he was indicted in the Northern District of Indiana (Indictment 2) for conspiracy to distribute more than 500 grams of methamphetamine and less than 500 grams of cocaine (Count 1), possession with intent to distribute less than 50 grams of methamphetamine (Count 2), and

possession with intent to distribute less than 500 grams of cocaine (Count 3). A jury found Mendoza guilty on all counts of both indictments. On April 1, 2010, the district court sentenced him to life imprisonment on each count arising from Indictment 1. The court also sentenced him to life imprisonment on Count 1 of Indictment 2 and twenty years' imprisonment on each of Counts 2 and 3. The sentences included a two-level enhancement for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1). All sentences imposed were ordered to be served concurrently.

On appeal, Mendoza challenges the sufficiency of the evidence presented in support of the conspiracy conviction. He also challenges the propriety of the district court's sentencing on all counts, arguing that the court should not have applied a two-level enhancement for possession of a firearm and that the court did not properly consider the relevant 18 U.S.C. § 3553(a) factors.

Police participated in several drug transactions with Gabriel Mendoza and his worker Luis Mendoza. On two separate occasions, informant Cesar Aguayo purchased one pound of methamphetamine from the pair. Each transaction took place in Gabriel Mendoza's garage, with both Gabriel and Luis present. Luis handled the drugs and money during the transaction, while Gabriel told Luis when to hand over the drugs and accept the money. During the first of the two transactions, Gabriel and Aguayo discussed the possibility of future cocaine transactions.

On another occasion, informant Fidel Sanchez bought one ounce of cocaine from the pair. The transaction began in Gabriel Mendoza's garage. Luis told Gabriel he had sold all of the cocaine Gabriel had given him. Gabriel told Sanchez to wait at another garage—Primrose—then left to retrieve cocaine for the deal. Gabriel later arrived at Primrose, only to leave after telling Sanchez that Luis would deliver the cocaine. Luis arrived shortly thereafter and completed the transaction.

On November 17, 2005, law enforcement officers executed a search warrant at Gabriel Mendoza's residence in Elkhart, Indiana. Gabriel was seen leaving the property just before the search. Police did encounter Luis, who was living in the basement of Gabriel's home. During the search, police recovered one pound of methamphetamine at the bottom of a laundry chute in the basement, cocaine hidden in a Pringles can in a shed, a digital scale in the basement, and two firearms—a .45 caliber revolver in Gabriel's bedroom closet and a loaded semiautomatic 7.62 mm rifle in a closet near the front door. Luis claimed all contraband in the house was his. He had a key to the shed on his person.

Gabriel Mendoza argues the government did not put forth sufficient information to support his conspiracy conviction. Because he did not move for a judgment of acquittal, we review the district court's decision for plain error. *United States v. Dinga*, 609 F. 3d 904, 907 (7th Cir. 2010). The decision is far from plainly erroneous. At trial, the government put forth evidence that

Gabriel and Luis worked together to distribute cocaine and methamphetamine. Gabriel arranged sales, obtained drugs, and instructed Luis's actions during the course of transactions. Luis and Gabriel shared revenue from the sales. From this evidence, a jury could rationally conclude that Gabriel and Luis had formed an agreement to distribute cocaine and methamphetamine.

Mendoza also challenges the sentence of life imprisonment. First, Mendoza argues the district court improperly enhanced his sentence for possession of a firearm in connection with a drug offense. He claims the district court incorrectly found that he had possessed the guns found in the November 2005 search. We review this factual finding for clear error, *United States v. Strode*, 552 F.3d 630, 635 (7th Cir. 2009), overturning the finding only if it is implausible based on the full record, *United States v. Powell*, 576 F.3d 482, 498 (7th Cir. 2009). Here, the district court's finding was reasonable. Police found one of the guns in Gabriel's bedroom closet, while the other was in a commonly accessible area of his residence. Gabriel notes that Luis told a police officer all contraband in the house was Luis's. But this statement is not particularly credible, given Luis's apparent role as a subordinate to Gabriel. Moreover, even if the district court had found both guns were Luis's, it could have found Gabriel possessed the guns for the purpose of U.S.S.G. § 2D1.1(b)(1). *See United States v. Acosta*, 534 F.3d 574, 588 (7th Cir. 2008) ("[Defendant] is considered to have 'possessed' a firearm if coconspirators possessed firearms in furtherance of the conspiracy and [defendant] could have reasonably foreseen the coconspirators' possession."). The district court did not clearly err by finding Gabriel possessed the guns. Mendoza does not challenge whether the guns were used in furtherance of the conspiracy, and we do not address that issue.

Finally, Mendoza argues the district court abused its discretion by sentencing him to a guideline-recommended sentence of life imprisonment. The district court considered and addressed all of Mendoza's arguments for a lesser sentence. The court also properly considered the 18 U.S.C. § 3553(a) factors. While Mendoza claims the district court improperly presumed a guidelines-recommended sentence to be correct, the court's sentencing memorandum reveals that the court properly based its decision on the appropriate § 3553(a) factors, Mendoza's individual circumstances, and the details of the offenses.

AFFIRMED.